IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL PERRY,                    }
                                  }
    Plaintiff,                }
                                  }
v.                                }      CASE NO. CV 00-B-0475-S
                                  }
SOUTHERN NUCLEAR                  }
OPERATING COMPANY, INC.;          }
NEAL ANDREW McNAMARA;             }
JAMES M. AGOLD,                   }
                                  }
    Defendants.               }

## MEMORANDUM OF OPINION

    This matter comes before the court on Defendants' Motion to Dismiss, filed August 21, 2000. Upon consideration of the Motion, Plaintiff's Answer to Defendants' Motion to Dismiss and Defendants' Reply to the Plaintiff's Answer to the Defendants' Motion to Dismiss, the court is of the opinion that the motion is due to be granted as to all defendants.

    The amended complaint has one count, brought pursuant to 42 U.S.C. § 1981 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. In it, the plaintiff attempts to assert claims against Southern Nuclear Operating Company, Inc., as well as two individuals, Neal Andrew McNamara and James M. Agold, employees of Southern Nuclear Operating Company, Inc. Specifically, plaintiff alleges that he suffers from Attention Deficit Disorder and that the defendants discriminated against him on the basis of, failed to accommodate, and subsequently terminated him due to, his disability.

    Any claims brought pursuant to 42 U.S.C. § 1981 are due to be dismissed for failure to state a claim upon which relief can be granted, as no action for disability discrimination exists under § 1981. Further, the claims as to Neal Andrew McNamara and James M. Agold under the

ADA are also due to be dismissed for failure to state a claim upon which relief can be granted, as individuals cannot be held liable under that Act.

The defendant further moves to dismiss the amended complaint due to plaintiff's failure to timely perfect service. The original complaint in this action was filed on February 28, 2000, with Southern Nuclear being the sole defendant. On July 6, 2000, the plaintiff wrote the court, requesting some additional time in which to retain an attorney, and acknowledging that service had not been effected on the defendant, Southern Nuclear. The court granted the request, and entered an order requiring defendant to properly perfect service on Southern Nuclear on or before July 31, 2000. On July 25, 2000, the defendant, now represented by counsel, filed an amended complaint. Not until July 28, 2000, did plaintiff request the clerk to issue service of process. On that date, the clerk did issue service by certified mail. The return receipt reflects that defendant Southern Nuclear was not served until August 4, 2000, four days after the deadline set by the court after granting the extension, and one hundred fifty-eight days after the complaint was filed. No good cause having been shown for the failure to serve the complaint within the time frame established, defendant Southern Nuclear Operating Company, Inc. is due to be dismissed pursuant to Fed.R.Civ.P. 4(m).

A separate order will be entered accordingly.

DONE this 9th day of January, 2001.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge